UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HEATHER A. MULFORD,           )    3:17-cv-00650-RCJ-WGC
         Plaintiff,           )
                              )    **ORDER**
    vs.                       )
                              )
ROBINSON MINING COMPANY, *et al.*, )
                              )
         Defendants.          )
_____)

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting

*Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application will be granted.

## II. SCREENING

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more …

than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint is a single page and attempts to assert claims for discrimination and retaliation under the Americans with Disabilities Act (ADA), stemming from her employment with Robinson Mining Company. (ECF No. 1 at 1.) Plaintiff makes references to other "Defendants," but does not identify those persons in the caption or body of the complaint. She did include proposed summonses that identify: Robert DeLong, Darlene Damonte Vopat, Cody Crawford, Marie Crawford, JaLaine Mulford, Lynne Simons, Marilyn Ferguson, Mary Troy Ferguson, Leonard Jones (aka Tommy Lee Jones), Mark Langston. (ECF No. 1-6.)

"Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001). "The Act responds to what Congress described as a 'compelling need' for a 'clear and comprehensive national mandate' to eliminate discrimination against disabled individuals." *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1079 (9th Cir. 2004) (quoting *PGA Tour*, 532 U.S. at 675). "To effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *Id.* (internal quotation marks omitted).

It appears Plaintiff attempts to state a claim under Title I of the ADA for employment discrimination. As such, she must allege facts showing that: (1) she is disabled within the meaning of the ADA; (2) she is a "qualified individual" capable of performing the essential functions of the job at issue, with or without reasonable accommodation; and (3) was unlawfully discriminated against because

of her disability. *See Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)).

Plaintiff states the conclusion that she was discriminated against, harassed, retaliated and not provided a reasonable accommodation, but provides no *factual* allegations to support these conclusions. Nor does she attribute any particular conduct to the defendants identified in the proposed summonses as they are not even identified in the complaint.

Plaintiff has included copies of the discrimination charges she filed with the United States Equal Employment Opportunity Commission (EEOC) and Nevada Equal Rights Commission (NERC) against Robinson Nevada Mining Company, as well as the right to sue letters from those agencies. Those documents do not aid the court as they also fail to include substantive facts, and instead only general conclusions regarding alleged discriminatory conduct. (*See* ECF No. 1-2 at 1-4.)

The court concludes that Plaintiff fails to state a claim upon which relief may be granted. Plaintiff's complaint will be dismissed, but the dismissal is without prejudice and with leave to amend, as it appears that the deficiencies may be cured by amendment. The amended complaint should list each of the defendants Plaintiff wishes to proceed against, and include substantive *factual* allegations concerning the conduct attributed to each defendant and how Plaintiff claims that conduct violated her rights. Plaintiff should be mindful of the elements of a Title I ADA claim, and make sure to include substantive factual allegations supporting those elements. Information helpful to litigants representing themselves can be found on the District of Nevada's website: www.nvd.uscourts.gov, under the tab on the left-hand side: "Representing Yourself."

Finally, the court notes that Plaintiff has included in her initiating documents copies of her checking and savings account statements that contain her account numbers at ECF No. 1-2 at 5-6. These court will redact the account numbers from these pages.

///
///
///
///

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

(2) The complaint is **DISMISSED WITHOUT PREJUDICE**, and **WITH LEAVE TO AMEND**. Plaintiff has **THIRTY (30) DAYS** from the date of this Order to file an amended complaint correcting the deficiencies as noted above. Plaintiff is advised that pursuant to Local Rule 15-1, if you choose to file an amended complaint, it shall be complete in itself without reference to any previous complaint, and must include copies of any exhibits referred to in the proposed amended complaint. Plaintiff shall clearly file the amended complaint as such by placing the words "AMENDED COMPLAINT" on page 1 in the caption, and shall place the case number above the words "AMENDED COMPLAINT." Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is cautioned that if she fails to file an amended complaint within the time period specified above, the action may be dismissed.

(3) The court will redact the account numbers from ECF No. 1-2 at 5-6.

**IT IS SO ORDERED**.

DATED: January 30, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE